IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EARL D. WILSON,**

         Plaintiff,

Hon.
Case No.

v.

**BAYVIEW LOAN SERVICING, LLC,**

         Defendant.

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Earl D. Wilson ("Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and bring this action against the above listed Defendant, Bayview Loan Servicing, LLC, ("Bayview" or "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq.,.

2.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

3.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

4.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

5.

In *Wallace v. Washington Mutual Bank, 683 F.3d 323 (6th Cir.2012)*, the 6th Circuit Court of Appeals held that a law firm could suffer FDCPA liability for stating the wrong identity of the mortgage's owner in a foreclosure complaint similar to the claim Plaintiff makes here in their complaint.

6.

Disclosure of a servicing agent or another debt collector instead of the owner of the debt is not sufficient. *Bourff v. Rubin Lublin, LLC,* No. 10-14618, 674 F.3d 1238; 2012 U.S.App. LEXIS 5613, 2012 WL 971800 (11th Cir. Mar. 15, 2012); *Shoup v. McCurdy & Candler*, 465 Fed. Appx. 882, 2012 U.S. App. LEXIS 6443 (11th Cir. March 30, 2012).

7.

2

"The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt. The requirement is not satisfied by listing a phone number. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this." *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.,* 214 F.3d 872, 875, 876 (7th Cir.2000).

8.

Section 1692(g)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. *Eun Joo Lee v. Forster & Garbus LLP*, 926 F.Supp.2d 482, 488 (E.D.N.Y.2013).. See also *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006) ("If the required information is not communicated to the debtor, or if it is provided in a manner that is `confusing' to the consumer, § 1692g has been violated.").

9.

"We are persuaded that, in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information, and therefore its false identification in a dunning letter would be likely to mislead some consumers in a material way." *Tourgeman v Collins Financial Services, Inc.*, Court of Appeals, 9th Circuit 2014.

10.

Section 1692g (a) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall" provide notice of the amount of the debt, the name of the creditor, and the debtor's right to dispute or obtain verification of the debt. 15 U.S.C.§ 1692g (a). The statute requires that the specified information

3

be disclosed in a single notice. *Castro v. Green Tree Servicing*, 10cv7211, 2013 WL 4105196 (S.D.N.Y., Aug. 14, 2013).

11.

15 U.S.C. §1692g requires that initial letters disclose the actual owner of the loan, not a master servicer, agent or similar party claiming the right to payment on behalf of the owner. *Bourff v. Rubin Lublin LLC*, 674 F.3d 1238 (11th Cir. 2012); *Wallace v. Washington Mutual Bank FA*, 683 F.3d 323 (6th Cir. 2012).

## II. PARTIES

12.

The Plaintiff, Earl D. Wilson is a natural person and consumer, a resident of Fenton, Genesee County, State of Michigan, and a "consumer" as defined by the FDCPA and RPCA.

13.

The Defendant, Bayview Loan Servicing, LLC. is a debt collector and servicer of defaulted mortgage loans in with resident agent offices in East Lansing, Ingham County, State of Michigan and is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

## III. JURISDICTION AND VENUE

14.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

16.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

17.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

18.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

19.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

# **REGULATION OF COLLECTION PRACTICES ACT (RPCA)**

20.

The Regulation of Collection Practices Act (RPCA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

21.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

22.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor

rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

23.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

24.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

25.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

26.

"Person" means an individual, sole proprietorship, partnership, association, or corporation.

27.

A person may not communicate with a debtor, except through billing procedure when the debtor is actively represented by an attorney, the attorney's name and address are known, and the

attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication. MCL 445.252(h).

28.

The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.*, No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del.1991)).

### V. LAW CONCERNING 15 U.S.C. § 1692g

29.

**(a) Notice of debt; contents**
Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) *the amount of the debt*;
(2) *the name of the creditor to whom the debt is owed*;
(3) a statement that unless the consumer, within thirty days *after* receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

8

> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g - Validation of debts.

30.

Numerous courts have recognized that the FDCPA's purpose - to eliminate abusive debt collection practices - would be undermined if subsequent debt collectors were excused from complying with the requirements contained in section 1692g. *Wright v. Ocwen Loan Servicing, LLC*, 12-14762, 2013 WL 5532687, at 4-5 (E.D.Mich. Oct.7, 2013), See, also *Lewis v. Nationstar Mortgage*, F.Supp.2d —, 13-11693, 2014 WL 1089557, at 7-10 (E.D.Mich. March 18, 2014).

31.

Subsection (a)(4) states that if the debtor disputes the debt in writing within thirty days, the debt collector must obtain verification of the debt and must send the debtor a copy of the verification. Subsection (a)(5) states that, if the debtor makes a written request, the debt collector must provide the name and address of the original creditor. Subsection (b) states that if the debtor disputes the debt in writing within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. *Graziano v. Harrison, 950 F. 2d 107 - Court of Appeals, 3rd Circuit 1991*.

32.

When interpreting the FDCPA, we begin with the language of the statute itself, see *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980), since the intent of Congress is "best determined by the statutory language it chooses." *Sedima, S.P.R.L. v. Imrex*, 473 U.S. 479, 495 n.13 (1985). *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir. 1999).

33.

The FDCPA's bona fide error defense at 15 U.S.C. § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collectors' incorrect interpretation of a legal requirement of the FDCPA. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1611-12 (2010).

## VI. FACTUAL ALLEGATIONS

34.

On October 26, 2012, Bayview sent a letter to Plaintiff informing him that it was the new servicer of the mortgage formerly serviced by Bank of America. **Please see Exhibit 1**.

35.

On October 26, 2012, Plaintiff was in default of the mortgage note as of October, 2010.

36.

On or about November 6, 2014, Plaintiff received a letter threatening to foreclose on the debt if it was not brought current within 14 days by paying all of the payment due since October, 2010. **Please see Exhibit 2**.

37.

The Letter from Bayview did not provide the required Validation and Dispute rights required under section § 1692g(a) and (b) of the FDCPA.

38.

The Defendant is a debt collector under 15 U.S.C. § 1692a(6)(F)(iii) that received the servicing rights of this note after the Plaintiff had allegedly defaulted on the home loan back in 2010 with Bank of America.

39.

It is a violation of the FDCPA for a debt collector to contact a debtor after receiving a validation/verification notice and without first validating or verifying the debt. 15 U.S.C. 1692g(b).

40.

Further, Defendant has failed to detail the true amount of the debt that is owed by first saying that the total owed is $63,897.79 but then saying in the same letter at **Exhibit 2**:

| | | |
|---|---|---|
| Next Payment Due | | 11/1/2010 |
| Total Monthly Payments Due: | | $59,207.62 |
| Late Charges: | | $147.78 |
| Other Charges: | Uncollected NSF Fees: | $0.00 |
| | Other Fees: | $0.00 |
| | Corporate Advance Balance: | $0.00 |
| | Unapplied Balance: | $0.00 |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | **$63,897.79** |

41.

The $59,207.62 added to $147.78 adds up to $59,355.40 and not the $63,897.79 claimed to be owed by Defendant at **Exhibit 2**.

42.

Bayview violated the FDCPA by not providing the required Validation and Dispute notice in its communications with Mr. Wilson that would have afforded him the right to seek a written explanation of the amount owed in **Exhibit 2**.

## VII. CLAIMS FOR RELIEF

**Count 1-Fair Debt Collection Practices Act**

11

43.

Plaintiff realleges the above pleadings.

44.

Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using the letters above; and

b. Defendant collected on the debt and violated 15 U.S.C. 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

c. Defendant collected on the debt and violated 15 U.S.C. 1692g(a)(1) by failing to state the details of the amount of debt owed in the letter at **Exhibit 2**; and

d. Defendant collected on the debt and violated 15 U.S.C. 1692g(a)(2) by failing to identify the name of the creditor who holds the mortgage loan in the letter; and

e. Defendant did not provide the dispute and verification notice within five days of the initial contact and violated 15 U.S.C. 1692g as mentioned above.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

c. Such further relief as the court deems just and proper.

## Count 2-Michigan Collection Practices Act

45.

Defendants have violated the RPCA. Defendant's violations of the RPCA include, but are not necessarily limited to, the following:

a. Defendant violated MCLA 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt, using the letters as mentioned above; and

b. Defendant violated MCLA 445.252(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt at as mentioned above; and

c. Defendant has violated MCLA 445.252(f) Misrepresenting in a communication with a debtor 1 or more of the following:

(i) The legal status of a legal action being taken or threatened.

(ii) The legal rights of the creditor or debtor;

d. Defendant has violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee such as continuing to contact a represented debtor.

**Wherefore**, Plaintiff seeks judgment against Defendants for:

a. Statutory and Actual damages for Plaintiff in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

b. Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that defendant's debt collection

practices violated the RPCA, as well as an injunction, enjoining Defendants from using letters that violate Michigan law; and

c. Reasonable attorney's fees and court cost pursuant to M.C.L. 445.257(2).

## VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

**LAW OFFICES OF BRIAN P. PARKER, P.C.**

/s/Brian P. Parker

Dated: November 28, 2014

**BRIAN P. PARKER (P48617)**
Attorney for Plaintiff
2000 Town Center, Suite 1900
Southfield, MI   48075
(248) 642-6268
brianparker@collectionstopper.com

14